UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBERT WALLIN<br><br>                    Defendant. | Case No. 18-CR-00113-BLW-4<br><br>**REPORT AND RECOMMENDATION** |

On July 10, 2018, Defendant ROBERT WALLIN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, his counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, during the Defendant's Initial Appearance and Arraignment, the Government filed an initial motion for detention citing a high likelihood of flight due to the lengthy incarceration time associated with the offences. (Dkt. 17.) Pretrial Services recommended release conditions referencing the Defendant's minimal criminal history and his significant ties to the community, including his life-long residence in Idaho, significant familial ties, and ownership of a Boise residence. (Dkt. 36-3 at 3.)

At the conclusion of the detention hearing on April 18, 2018, the Defendant was released on conditions set by U.S Magistrate Judge Ronald Bush. (Dkt. 38.) The conditions of the Defendant's release were to seek employment, participate in drug testing, refrain from alcohol or drug use, not possess a firearm or other weapon, surrender passport, and to avoid all associations with those involved in criminal activity, and not to illegally possess or use controlled substances. (Dkt. 38.)

On June 21, 2018, and on July 9, 2018, Pretrial Services filed Pre-Trial Status

**REPORT AND RECOMMENDATION - 2**

Reports with the Court. (Dkts. 46 and 53.) The reports indicate that, following release on April 18, 2018, the Defendant returned to residing with his wife and two sons in Boise and obtained employment. However, the Defendant had not complied with all the conditions of release, because he tested positive for use of controlled substances during initial urinalysis testing. However, before the first status report was filed, Defendant submitted tests that were negative for any controlled substance use, and the probation officer recommended the Defendant remain on release pending resolution of his case. Judge Bush concurred with the initial report of June 21, 2018, and sought no further action. (Dkt. 46 at 2.) There were no other violations of conditions reported in the July 9, 2018 status report. (Dkt. 53.)

During the change of plea hearing, the Government moved for detention of Defendant pursuant to the mandatory detention provision in Section 3143(a)(2). Although the Government conceded that the Defendant is not an enhanced flight risk or danger to the community, the Government maintained there were no exceptional reasons why detention pending the imposition of sentencing would not be inappropriate.  Defendant in turn argued that his employment, full compliance with the conditions of release, time spent with his family, and prepayment of the special assessment constituted exceptional reasons.

Upon consideration of the totality of the circumstances, the Court finds that Defendant has not clearly shown exceptional reasons in this case, given compliance with conditions of release is expected—not exceptional in and by itself.  Thus, pursuant to

**REPORT AND RECOMMENDATION - 3**

Section 3143(a)(2), the Court will recommend Defendant be detained pending imposition of sentence.  However, the Court will allow Defendant to self-report for detention within 21 days of today's date or no later than 7 days after the District Judge accepts this recommendation, with ever date is later.  In the interim, Defendant remains on release subject to all conditions set by Judge Bush on April 18, 2018. (Dkt. 38.)

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court **ACCEPT** Defendant Robert Wallin's plea of guilty to Count 8 of the Indictment (Dkt. 1),

2)      The District Court **ORDER** forfeiture consistent with Defendant Robert Wallin's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement,

3)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count 9 of the Indictment (Dkt. 1) as to Defendant, and

4)      The District Court detain Defendant pending sentencing. Defendant is ordered to self-surrender within 21 days of today's date or no later than 7 days after the District Judge accepts this Report and Recommendation, as directed to do so by the U.S. Marshal's Office through Defendant's counsel.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

**REPORT AND RECOMMENDATION - 4**

result of failing to do so, that party may waive the right to raise factual and/or legal

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 11, 2018

Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 5**